IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

TD AMERITRADE, INC.,

        Plaintiff,

v.                                                              CIVIL ACTION NO. 3:09-0147

DAN SALAMIE,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending is Defendant, Dan Salamie's, motion to dismiss (Doc. 4). For the reasons explained below, the Court **DENIES** the motion.

**Background**

The Defendant in this case, Dan Salamie, filed an action in the Circuit Court of Kanawha County alleging that an account officer for TD Ameritrade, Bruce Conrad, intentionally or negligently caused him to lose more than $725,000 on investments. TD Ameritrade (the defendant in the state court action) filed a motion, in state court, to compel arbitration or, in the alternative, stay that litigation. According to TD Ameritrade, Salamie refused to stipulate to arbitration unless TD Ameritrade admitted that it was a controlling person over Bruce Conrad. TD Ameritrade refused to do so. In response, Salamie filed his own motion, in state court, seeking partial summary judgment on the issue of TD Ameritrade's vicarious liability for the actions of Bruce Conrad. TD Ameritrade then filed this action in order to compel arbitration and stay the state court proceedings.

Defendant, Salamie, has answered the complaint in the instant case with a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendant relies on 28 U.S.C. 2283

(the Federal Anti-Injunction Act) and a decision by Judge Faber in *Merrill Lynch, Pierce, Fenner & Smith*, *Inc. v. Coe*, 313 F.Supp.2d 603 (S.D. W.Va. 2004) ("*Coe*") in his argument for dismissal. At the end of the motion, Defendant makes a brief reference to the *Rooker-Feldman* doctrine, arguing that it "precludes this Honorable Court from reexamining any judgment or ruling emerging from a West Virginia State Court."[1]

In a response memorandum, TD Ameritrade argues the contours of the *Rooker-Feldman* doctrine and its inapplicability to this case. Salamie's arguments pertaining to the Federal Anti-Injunction Act and *Coe* were unaddressed except for a footnote. The response also states, "there is absolutely no reason this Court should not issue an order referring this matter to arbitration forthwith." In case this was intended as a request for action from the court, it will be addressed. Salamie has not tendered a reply.

**Analysis**

The *Rooker-Feldman* doctrine is inapplicable in this case. It applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobile Corp., v. Saudi Basic Industries Corp.* 544 U.S. 280, 284 (2005). More simply stated, the doctrine makes clear that a federal district courts have no appellate jurisdiction over final state-court judgments. *Lance v. Dennis*, 546 U.S. 459, 463 (2006). None of the parties

---

[1]Although Local Rule 7.1 specifies that motions shall be accompanied by a supporting memorandum, the motion submitted by Salamie clearly brings issues to the Court's attention and cites authority in support. Plaintiff has had an opportunity to respond. The motion will be considered.

in this case have brought a state court ruling or judgment to the Court's attention – the doctrine does not apply.

As it appears to the Court, the main thrust of Salamie's argument is the effect of the Federal Anti-Injunction Act and Judge Faber's ruling in *Coe* on the pending action. The Anti-Injunction Act provides, "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in the aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. 2283. In *Coe,* a case factually similar to this one, Judge Faber found that he lacked authority to stay state court proceedings in conjunction with an order to arbitrate. 313 F.Supp.2d at 616. Neither the Federal Anti-Injunction Act nor *Coe* influence this Court's ability to order arbitration. The Court has clear authority to order arbitration under § 4 of the Federal Arbitration Act, if it finds the parties have failed to arbitrate as required under a binding agreement. 9 U.S.C. § 4. Count II of TD Ameritrade's Complaint petitions to the Court to compel arbitration. There are no grounds upon which the Court could dismiss that count.

TD Ameritrade's Complaint also petitions to this Court to stay state proceedings and issue a preliminary injunction preventing further litigation until arbitration is completed. The Federal Anti-Injunction Act does limit the Court's authority to take these actions. 28 U.S.C. 2283. It is possible, however, that in the future course of this litigation a situation will arise that meets one of the exceptions enunciated in the act and that the Court will then gain authority to issue the requested injunction. Because of this possibility the Court will not dismiss Counts I and III of TD Ameritrade's complaint at this time. The Defendant's motion to dismiss is **DENIED**.

The final item the Court will address is TD Ameritrade's statement that "there is no reason this Court should not issue an order referring this matter to arbitration forthwith." There is, of course, a reason the Court cannot yet issue an order compelling arbitration: No motion to compel has been filed and the matter has not been briefed. If TD Ameritrade's statement was meant as a request for action, the Court declines.

## Conclusion

For the reasons explained above, the Court **DENIES** Defendant Salamie's motion to dismiss (Doc. 4). The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER:    April 28, 2009

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE