IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

TD AMERITRADE, INC.,

        Plaintiff,

v.                                                CIVIL ACTION NO. 3:09-0147

DAN SALAMIE,

        Defendant.

**MEMORANDUM OPINION AND ORDER**[1]

Pending are three motions: 1) Defendant's Motion for Summary Judgment (Doc. 13); 2) TD Ameritrade's Motion to Compel Arbitration (Doc. 15); and, 3) Defendant's Motion to Dismiss Because All Issues Are Now Moot (Doc. 19). For the reasons explained below, the Court **GRANTS** the Defendant's motion to dismiss. Each of the other motions are **DENIED as moot**.

**Background**

The Defendant in this case, Dan Salamie, filed an action in the Circuit Court of Kanawha County, West Virginia, alleging that an account officer for TD Ameritrade, Bruce Conrad, intentionally or negligently caused him to lose more than $725,000 on investments. TD Ameritrade (the defendant in the state court action) filed a motion, in state court, to compel arbitration or, in the alternative, stay that litigation. According to TD Ameritrade, Salamie refused to stipulate to arbitration unless TD Ameritrade admitted that Bruce Conrad was its "controlled person" under the purview of 15 U.S.C. § 78(t) Rule 3010 of the National Association of Securities Dealers (NASD). TD Ameritrade refused to do so. In response, Salamie filed his own motion, in state court, seeking

---

[1]The Court intended to enter this Order on October 16, 2009, but inadvertently failed to do so.

partial summary judgment on the issue of TD Ameritrade's vicarious liability for the actions of Bruce Conrad. TD Ameritrade then filed this action in order to compel arbitration and stay the state court proceedings. This Court previously refused the request to stay state court proceedings, but has yet to rule on the motion to compel.

In the time the case has been pending in this Court, the Circuit Court of Kanawha County has rendered its verdict: it held that Bruce Conrad was a "controlled person" and ordered that Dan Salamie proceed to arbitration. Dan Salamie subsequently filed a request for arbitration with the Financial Industry Regulatory Authority (FINRA).

TD Ameritrade is clearly unhappy with the result in state court and believes that the Circuit Court of Kanawha County overstepped its bounds in reaching a decision on the merits of the case – a decision TD Ameritrade contends should be left to the arbitrator. It requests that this Court ignore the decision of the state court and order that the case proceed to arbitration without any consideration of its merits.

## Analysis

While TD Ameritrade might not like the decision of the state court, a federal district court is not the venue for redress. First, as the state court has granted the relief TD Ameritrade requests here – referral of the case to arbitration – the controversy before this Court is moot. The Fourth Circuit Court of Appeals has held that when a federal plaintiff seeks the same relief sought and received in state court, the federal action is moot. *Friedman's Inc., v. Dunlap*, 290 F.3d. 191, 197 (4th Cir. 2002).[2] As in this case, the plaintiff in *Friedman* was attempting to enforce an arbitration

---

[2] The *Friedman* court also held that such a matter would be barred by the *Rooker-Feldman* doctrine. This holding, however, is called into question by the subsequent U.S. Supreme Court
(continued...)

-2-

clause in a contract. *Id.* at 195. The plaintiff received a state court judgment compelling arbitration, but filed the federal action when the defendant appealed the state judgment to the Supreme Court of West Virginia. *Id.* As the Fourth Circuit explained in *Friedman*, the basis of the mootness doctrine is found in Article III. § 2 cl. 1 of the U.S. Constitution, limiting federal jurisdiction to live "Cases" or "Controversies." *See id.* "Thus, when a state court orders the same relief sought by the plaintiff in a parallel federal action, there is no longer a live controversy and the parallel federal claim is moot." *Id.* The *Friedman* Court held that the claim before it had been rendered moot by the state trial court judgment.

TD Ameritrade's claim in this case is governed by the Fourth Circuit's holding in *Friedman Inc.* Here, as in *Friedman*, the federal court plaintiff asks for the same relief granted by a state court – an order compelling arbitration. The Circuit Court of Kanawha County has reviewed and granted TD Ameritrade's motion to compel arbitration. *Salamie v. Conrad*, No. 08-C-3161, slip op. (Cir. Court of Kanawha County, W.Va. May 28, 2009). The state court ordered Dan Salamie to file a request for arbitration and he has complied. The issue squarely presented in this Court by TD Ameritrade's motion to compel arbitration has been fully decided and resolved by the state court. The relief sought here has already been granted. The matter is moot.

In a supplemental response to Dan Salamie's motion to dismiss because issues are moot, TD Ameritrade argues that the matter before this Court is not moot because of the state court's judgment

---

[2](...continued)
opinion of *Exxon Mobile Corp v. Saudi Basic Industries, Corp.*, 544 U.S. 280 (2005). There, the Court stated, "[t]he *Rooker-Feldman* doctrine, we hold today, is confined to cases of the kind from which the doctrine acquired its name: cases brought by *state-court losers* complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments. *Id.* Since TD Ameritrade won its motion to compel arbitration in the state court, it is not a state court loser as to this issue.

on separate issues. Plaintiff explains, "Salamie continues to refuse to arbitrate his dispute with [TD Ameritrade] *unless* the State Court's 'judicial determinations' are honored by an arbitration panel [TD Ameritrade] on the other hand, continues its request for an order compelling arbitration from this Honorable Court free of any such conditions or 'judicial determinations.'" TD Ameritrade's Supp. Resp. in Opp. To Def.'s Mot. to Dismiss Because All Issues Are Now Moot (Doc. 23) (emphasis in original). In short, TD Ameritrade criticizes Dan Salamie for trying to enforce a state court order and requests an opinion from this Court which may be used to circumvent the state court's "judicial determinations." Although TD Ameritrade may be unhappy with the state court decision, this is not the proper venue for redress. TD Ameritrade has already filed its appeal of the Kanawha County Circuit Court's opinion to the West Virginia Supreme Court – the proper venue for addressing an allegedly erroneous decision by a state trial court.

This Court is barred from reconsidering the issues presented before the Circuit Court of Kanawha County due to the doctrine of collateral estoppel. Collateral estoppel is rooted in the Full Faith and Credit Clause of the United States Constitution. *See* U.S. Const. art IV § 1 ("Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial proceedings of every other State.") This clause requires federal courts to give state court judgments the same preclusive effect as courts of the rending state. 20 U.S.C. § 1738 ("such judgment shall have the same full faith and credit in every court within the United States as they have by law or usage in the courts of such states. . . from which they are taken."). In West Virginia, collateral estoppel serves to bar the re-litigation of an issue if certain conditions are met:

> 1) the issue previously decided is identical to the one presented in the action in question;
> 2) there is a final adjudication on the merits of the prior action;

> 3) the party against whom the doctrine is invoked was a party to the prior action; and
> 4) the party against whom the doctrine was raised had a full and fair opportunity to litigate the issue in the prior action.

*State v. Miller,* 459 S.E.2d 114, 120 (W.Va. 1995).

The first and third prongs of the test are easily met. Plaintiff asks this Court to reconsider the judicial determinations made by the state court. There is no dispute that the parties here were both parties to the state proceeding.

TD Ameritrade contends that an application of the test fails on the second and fourth prongs. As to the second prong, it argues that there is no "final adjudication on the merits" because the matter is still pending before the West Virginia Court of Appeals. Ordinarily, however, finality of judgment in the context of collateral estoppel (or res judicata), is the same as the finality of judgment required for an appeal. Rest. of Judgments § 41 cmt. a. Thus, the pendency of an appeal typically will not bar the application of collateral estoppel to an issue decided by a lower court. There is no other reason apparent to this Court, or raised by the parties, why the decision of the Circuit Court of Kanawha County should not be considered a final adjudication on the merits.

TD Ameritrade additionally argues that it did not have an opportunity to fully and fairly litigate the issue in the prior action. It contends that the state court determined the issues without the benefit of discovery and decided *sua sponte* that it had the power to order an arbitrator to follow its directives. To be afforded Full Faith and Credit "state proceedings need do no more than satisfy the minimum procedural requirements of the Fourteenth Amendment's Due Process Clause." *Kremer v. Chemical Const. Corp.*, 456 U.S. 461, 481 (1982). Here, none of TD Ameritrade's allegations rise to the level of constitutional violations. All of the necessary elements of collateral

estoppel are met and TD Ameritrade is thus precluded from re-litigating the judicial determinations rendered by the Circuit Court of Kanawha County, West Virginia here in federal district court.

## Conclusion

For the reasons explained above, Defendant Dan Salamie's Motion to Dismiss Because All Issues Are Now Moot (Doc. 19) is **GRANTED**. Each of the other pending motions is **DENIED as moot.** The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER: November 23, 2009

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE